IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRIDEA PRODUCTS, LLC                                                                                   PLAINTIFF

v.                                              No. 5:15-CV-05267

PURONYX, INC.                                                                                              DEFENDANT

## OPINION AND ORDER

Before the Court are Plaintiff Tridea Products, LLC's ("Tridea") motion to remand (Doc. 11) and brief in support (Doc. 12) and Defendant Puronyx, Inc.'s ("Puronyx") response (Doc. 13). Puronyx asserts this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Tridea concedes diversity of citizenship, but disputes that a sufficient amount is in controversy for federal jurisdiction to attach.

The Court "has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case." *Iowa Lamb Corp. v. Kalen Indus., Inc.*, 871 F. Supp. 1149, 1153–54 (N.D. Iowa 1994). "The removal statutes are to be strictly construed in every case." *Continental Ozark, Inc. v. Fleet Supplies, Inc.*, 908 F. Supp. 668, 670 (W.D. Ark. 1995). As the party removing to this Court, the burden is on Puronyx to demonstrate by a preponderance of the evidence that a federal court can exercise original jurisdiction over this matter. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Although diversity of citizenship has been conceded by Tridea, this Court's jurisdiction cannot depend on such a concession. Puronyx alleges that "Tridea is a Flordia limited liability company with its principal place of business in Benton County, Arkansas. . . . For jurisdictional purposes, Tridea is a resident of Florida and Arkansas." (Doc. 1, p. 2). Puronyx has also asserted that it is a California corporation with its principal place

1

of business in California.  *Id*.  It is immaterial that Puronyx is a California *resident*—for jurisdictional purposes it matters that Puronyx is a California *citizen*.  28 U.S.C. § 1332(c).  For jurisdictional purposes it matters also that Tridea is a limited liability company.  Pleading Tridea's citizenship requires Puronyx to plead the state or states of citizenship of each member.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  It has not done so here.

Furthermore, Puronyx has not shown a sufficient amount in controversy to invoke this Court's original jurisdiction.  Puronyx alleges that "[Tridea's] breach of contract claims and [Puronyx's] related counter-claims exceed $75,000."  (Doc. 1, p.2).  There is some dispute whether the amount in controversy is set only by the plaintiff's complaint, or whether a compulsory counterclaim may be considered in determining that amount.  *See, e.g., Iowa Lamb Corp.*, 871 F. Supp. at 1155–57 (collecting authority on the issue); *Continental Ozark, Inc.*, 908 F. Supp. at 670–72 (same).  The traditional, majority rule is that "amount in controversy is to be determined solely by reference to the plaintiff's complaint."  *Continental Ozark, Inc.*, 908 F. Supp. at 671.  This is in keeping both with the "well-pleaded complaint" rule and with the removal statute itself, which does not reference counterclaims with respect to satisfying the jurisdictional amount.  *Id*.  It has long been the law that the right to remove is "to be determined according to the plaintiff['s] pleading at the time of the petition for removal."  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).  This Court is persuaded by the reasoning set out in *Iowa Lamb Corp.* and *Continental Ozark, Inc.* and finds that the amount in controversy in this case is to be determined only by looking to Tridea's complaint.  Because it is not clear from that complaint that the amount of controversy is satisfied, and because it has insufficiently alleged Tridea's citizenship, Puronyx has failed to meet its burden on removal to show this Court has jurisdiction and the matter must be remanded.

Because this Court has no jurisdiction, it may not resolve the remaining motions.

IT IS THEREFORE ORDERED that Plaintiff Tridea Products, LLC's motion to remand (Doc. 11) is GRANTED. The Clerk is directed to remand this case to the Circuit Court of Benton County, Arkansas.

IT IS SO ORDERED this 17th day of June, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE